United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER BENNETT,

          Plaintiff,

    v.

ANSEL D KINNEY, et al.,

          Defendants.

Case No.  15-cv-02200-JSW

**ORDER GRANTING, IN PART, MOTION TO DISMISS AND CONTINUING  CASE MANAGEMENT CONFERENCE**

**RE: DOCKET. NO. 13**

Now before the Court for consideration is the motion to dismiss filed by Ansel D. Kinney and the Law Offices of Ansel D. Kinney (collectively "Kinney").  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument.[1]  *See* N.D. Civ. L.R. 7-1(b).

The Court CONTINUES the case management conference scheduled for August 21, 2015 to October 9, 2015.  The Court VACATES the motion hearing scheduled for August 28, 2015, and GRANTS, IN PART, AND DENIES, IN PART, WITHOUT PREJUDICE, Kinney's motion.

**BACKGROUND**

On May 15, 2015, Plaintiff, Peter Bennett ("Bennett") filed his original complaint against Kinney, Insterstate Deposition Subpoena Service, Inc., Attorney Service of San Francisco, and Tony Klein.  (Docket No. 1.)  On June 18, 2015, Bennett filed an Amended Complaint against these Defendants and added CynthiaVoss ("Voss"), his ex-girlfriend, as a Defendant.  (Amended

---

[1]    Kinney has not filed a reply brief.  Accordingly, the motion is now ripe for consideration.

1   Complaint ("AC") ¶¶ 2-6.)[2]

2          Bennett asserts a claim against Kinney for violations of the Fair Debt Collection Practices

3   Act ("FDCPA"), and he asserts state law claims against Kinney for aiding and abetting breach of

4   fiduciary duty, third-party legal malpractice, and abuse of process.  All of these claims arise out of

5   Kinney's efforts to collect on a judgment that Voss obtained against Bennett.  (*See* AC ¶¶ 14-52.)

6                                               **ANALYSIS**

7   **A.      Applicable Legal Standard.**

8          A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim

9   upon which relief can be granted.  On a motion to dismiss under Rule 12(b)(6), the Court

10  construes the allegations in the complaint in the light most favorable to the non-moving party and

11  takes as true all material allegations in the complaint.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th

12  Cir. 1986).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to

13  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

14  a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v.

15  Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Rather,

16  a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face."

17  *Id.* at 570.  "The plausibility standard is not akin to a probability requirement, but it asks for more

18  than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts

19  that are merely consistent with a defendant's liability, it stops short of the line between possibility

20  and plausibility of entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

21  *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

22  **B.      The Court Dismisses the FDCPA Claim, With Leave to Amend.**

23         In his fifth claim for relief, Bennett alleges that Kinney violated the FDCPA by filing "a

24  false proof of service with respect to an order of examination of debtor, and did not correct after

25  being repeatedly informed that it was false."  (AC ¶ 83.)  Kinney moves to dismiss on the basis

26  that Bennett fails to allege sufficient facts to show that Kinney is a "debt collector" for purposes of

27  _____

28  [2]      Interstate Deposition Subpoena Service, Inc., Attorney Service of San Francisco, Tony
        Klein and Cynthia Voss have not yet appeared.

United States District Court
Northern District of California

the FDCPA.

> The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the *principal purpose* of which is the collection of any debts, or who *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . .

15 U.S.C. § 1692a(6) (emphasis added).  Bennett fails to include sufficient facts from which the Court could reasonably infer that the "principal purpose" of Kinney's business is the collection or debts or that Kinney "regularly" collects or attempts to collect debts.  Accordingly, Bennett fails to allege sufficient facts to show that Kinney is a debt collector as that term is defined in the FDCPA.

Accordingly, the Court GRANTS, in part, Kinney's motion to dismiss on that basis.  Because the Court cannot say it would be futile, the Court GRANTS Bennett leave to amend this claim, if he can in good faith and in compliance with his obligations under Federal Rule of Civil Procedre 11, allege facts that show Kinney is a "debt collector."

**C.     The Court Denies the Motion to Dismiss the State Law Claims, Without Prejudice.**

The Court has dismissed the FDCPA claim with leave to amend.  For the following reasons, the Court denies the motion to dismiss the state law claims, without prejudice to renewing the arguments therein, if Bennett files a second amended complaint.

Bennett argues that diversity jurisdiction exists.  However, Bennett alleges that he is "an individual residing in London, United Kingdom."  (AC ¶ 1.)  "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States *and* domiciled within the State."  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (emphasis in original).  Bennett has not alleged that he is *either* a citizen of a particular state or domiciled within that state.  Therefore, the Court cannot determine whether diversity jurisdiction exists.  *See Turan Petroleum, Inc. v. Lentin*, 482 F. Supp. 2d 1170, 1171 (C.D. Cal. 2007) ("[I]t has been held consistently that a diversity suit may not be maintained under 28 U.S.C. § 1332(a)(1) by or against a United States citizen who is domiciled in a foreign country, for a resident of a foreign country is not necessarily a citizen thereof.") (quoting *inter alia*, *Coury v. Prot*, 85 F.3d 244, 249-50 (5th Cir. 1996)).

The  Court could, in its discretion, exercise supplemental jurisdiction over the state law

United States District Court
Northern District of California

3

claims, if the FDCPA claim survives.  Because it is not clear that Bennett will be able to state a federal claim, the Court shall reserve ruling on whether it will exercise supplemental jurisdiction over the state law claims.

**CONCLUSION**

For the forgoing reasons, the Court GRANTS, in part, and DENIES WITHOUT PREJUDICE, in part, Kinney's motion to dismiss.  Bennett shall file a Second Amended Complaint by no later than August 28, 2015, and Defendants shall answer or otherwise respond within twenty-one (21) days of service of the Second Amended Complaint.  If Bennett continues to assert that the Court has diversity jurisdiction, he must include specific facts regarding his citizenship and domicile.

**IT IS SO ORDERED.**

Dated: August 5, 2015

JEFFREY S. WHITE
United States District Judge