UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BENNETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANSEL D. KINNEY, et al.,<br><br>　　　　Defendants, | Case No. 15-cv-02200-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS AND ADDRESSING COUNTERCLAIMS; AND VACATING CASE MANAGEMENT CONFERENCE**<br><br>Re: Docket Nos. 33, 49, 50 |

Now before the Court for consideration is the motion to dismiss, filed by Defendants Ansel D. Kinney and the Law Offices of Ansel D. Kinney (collectively "the Kinney Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS the Kinney Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC") in its entirety.

In light of this ruling, the Court: (1) dismisses, without prejudice, the counter and cross-claims filed on November 5, 2015 by Defendant Cynthia Voss ("Voss"); (2) denies as moot, and without prejudice, the motion to dismiss filed by Karl Signaporia, and VACATES the hearing scheduled for December 11, 2015; (3) denies as moot, and without prejudice, the motion to dismiss filed by Plaintiff, Peter Bennett ("Bennett"), and VACATES the hearing scheduled for December 18, 2015; and (4) VACATES the case management conference scheduled for December 18, 2015. The Court will reschedule the case management conference once it is clear that it has jurisdiction over this action and the case is fully at issue.[1]

---

[1] The Kinney Defendants argue that the Court should impose sanctions under Federal Rule of Civil Procedure 11. That request is DENIED. If Bennett files an amended complaint and the Kinney Defendants believe it violates Rule 11, they may renew their request by way of a properly noticed motion, which shows they complied with Rule 11(c)(2).

**BACKGROUND**

On May 15, 2015, Bennett filed his original complaint against the Kinney Defendants, Interstate Deposition Subpoena Service, Inc. ("Interstate"), Attorney Service of San Francisco ("ASSF"), and Tony Klein ("Klein"). (Docket No. 1.) Bennett asserted a claim under the Fair Debt Collection Practices Act ("FDCPA"), which provided the Court with jurisdiction over the action. Bennett also alleged that he was an individual currently residing in London, United Kingdom. (Compl. ¶ 1.)

On June 18, 2015, Bennett filed an Amended Complaint, in which he added Cynthia Voss ("Voss) as a defendant. (Docket No. 10, Amended Complaint ("AC").) Bennett re-asserted the FDCPA claim, and he continued to allege that he was an individual residing in London. (*See* AC ¶¶ 1, 7.)

On August 5, 2015, the Court granted, in part, the Kinney Defendants' motion to dismiss the FDCPA claim. (Docket No. 24, Order Granting, in Part, Motion to Dismiss ("Order Dismissing AC").) In that Order, the Court reserved ruling on the state law claims, because it was not clear that diversity jurisdiction existed. (Order Dismissing AC at 2:22-4:3.).

On August 29, 2015, Bennett filed his Second Amended Complaint ("SAC"). Bennett now asserts state law claims against the Kinney Defendants and Voss for breach of fiduciary duty, breach of contract, aiding and abetting a breach of fiduciary duty, third party legal malpractice, and abuse of process.[2] (SAC ¶¶ 54-87.) In brief, these claims arise out of alleged legal advice that the Kinney Defendants provided to Voss and out of their efforts to collect a judgment that Voss obtained against Bennett. (*Id.* ¶¶ 14-52.)

Because Bennett dropped the FDCPA Claim, he contends that the Court has diversity jurisdiction. (*Id.* ¶ 7.) To support that contention, he alleges that he "is an individual currently residing in London, United Kingdom. He is a dual citizen of the United States and the United Kingdom. He holds a Utah driver's license, and his wife owns a house in Utah." (*Id.* ¶ 1.) Bennett also alleges that "on information and belief, Defendant Kinney resides in this District,"

---

[2] Bennett voluntarily dismissed his claims against Interstate, ASSF, and Klein on September 23, 2015. (Docket No. 43.)

1  that the Law Offices of Ansel D. Kinney is a "law firm whose principal place of business is in this

2  District," and that Voss "resides in this District." (*Id.* ¶¶ 2-3, 12.) It is undisputed that the amount

3  in controversy exceeds $75,000.

4  The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.  Applicable Legal Standards.**

The Kinney Defendants move to dismiss, in part, on the basis that the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant raises a facial challenge to subject matter jurisdiction, a court "must accept as true all material allegations in the complaint, and must construe the complaint in" a plaintiffs' favor. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010).

However, where, as here, a defendant raises "factual attack," the moving party questions the veracity of the plaintiff's allegations that "would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. The plaintiff's allegations are questioned by "introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant raises a factual attack, the plaintiff must support … jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Id.* (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). While the plaintiff typically has the burden of proof to establish subject matter jurisdiction, "if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at 1121-22 (citing *Safe Air for Everyone*, 373 F.3d at 1039-40).

**B.  Bennett Has Not Met His Burden to Show Complete Diversity Exists.**

The Kinney Defendants argue that Bennett cannot establish complete diversity, because he has not shown, and cannot show, that he is a citizen of Utah. In order to "demonstrate citizenship for diversity purposes a party must be a citizen of the United States, and (b) be *domiciled* in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (emphasis added); *see also*

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (emphasis in original); *Turan Petroleum, Inc. v. Lentin*, 482 F. Supp. 2d 1170, 1171 (C.D. Cal. 2007) ("[I]t has been held consistently that a diversity suit may not be maintained under 28 U.S.C. § 1332(a)(1) by or against a United States citizen who is domiciled in a foreign country, for a resident of a foreign country is not necessarily a citizen thereof.") (quoting *inter alia*, *Coury v. Prot*, 85 F.3d 244, 249-50 (5th Cir. 1996)). Thus, citizenship is determined by domicile, not residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).[3]

"A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Kanter*, 265 F.3d at 857 (citing *Lew*, 797 F.2d 747, 749 (9th Cir. 1986)). Courts may consider a variety of factors to determine domicile, including:

> current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.

*Lew*, 797 F.2d at 750 (and noting that no one factor controls determination).

In support of their motion, the Kinney Defendants submit an Income and Expense Declaration that Bennett filed in the Superior Court of the State of California for the City and County of San Francisco ("San Francisco Superior Court"). (Mot., Ex. A.)[4] That declaration shows that Bennett has paid taxes in the United Kingdom, where Bennett admits he currently resides and works. Those facts, coupled with Bennett's allegations of residence, support an inference that Bennett was domiciled in London at the time he filed this suit and at the time he filed the SAC.

Bennett has not put forth any evidence regarding domicile to rebut the Kinney Defendants' factual showing. Instead, he relies on the allegations in the SAC that he holds a Utah driver's

---

[3] Although the Kinney Defendants have not disputed that they are citizens of California, the Court notes that there are no allegations in the SAC that demonstrate where Voss is *domiciled*. That omission also is "fatal to [Bennett's] assertion of diversity jurisdiction." *Kanter*, 265 F.3d at 858. Accordingly, if Bennett files the amended complaint permitted by this Order, he must allege facts that show he is domiciled in a state different from all other named defendants.

[4] Bennett has not objected to any of the exhibits attached to the Kinney Defendants' motion.

4

1 license and his wife owns a home there. He also relies on arguments that are unsupported by
2 evidence. The Court concludes that Bennett has not met his burden to show, by a preponderance
3 of the evidence, that he is domiciled in Utah. *Leite*, 749 F.3d at 1121.

Bennett also argues that he is a dual citizen of the United States and the United Kingdom. He thus argues that this allegation would provide the Court with jurisdiction pursuant to 28 U.S.C. section 1332(a)(2). Bennett's allegation that he is a dual citizen does not establish diversity jurisdiction. *Cf., Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995); *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. 1992) ("only the American nationality of the dual citizen should be recognized" for purposes of Section 1332(a)(2)) (quoting *Sadat v. Mertes*, 615 F.2d 1176, 1187 (7th Cir. 1980)).

Accordingly, the Court GRANTS, IN PART, the Kinney Defendants' motion to dismiss. Because the Court cannot say it would be futile to grant Bennett leave to amend to cure the defects identified by this Order, it will permit him one final opportunity to amend. *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1086-88 (9th Cir. 2014). If Bennett can, in good faith and in compliance with his obligations under Rule 11, amend to cure these defects, he may file a third amended complaint by no later than **December 11, 2015**.[5] The Court advises the parties that if the Kinney Defendants move to dismiss on the basis that the Court lacks jurisdiction and they believe that jurisdictional discovery would be appropriate, the Court will look favorably on such a request.

**C.     Instructions Regarding Ms. Voss' Counter and Cross-Claims.**

At the time the Kinney Defendants filed their motion, Voss had not yet appeared. However, on November 5, 2015, Voss, acting *pro se*, filed an answer and counterclaims and, as set forth above, Karl Signaporia and Bennett have moved to dismiss the claims she asserts against them. It still is not clear whether all parties are diverse. Accordingly, the Court shall dismiss the SAC in its entirety. If Bennett chooses to amend his complaint, he must include allegations

---

[5] The Court notes that, on June 25, 2014, Bennett filed a lawsuit against Voss in San Francisco Superior Court and alleged he was an individual residing in the County of Marin. (*See* Docket No. 13-1, Declaration of Ansel D. Kinney, ¶ 3, Ex. A (Complaint ¶ 2).)

5

showing that he is diverse from *all* named defendants.

Because it is not clear whether the Court has subject matter jurisdiction over the action, and because the Court has dismissed the SAC in its entirety, the Court dismisses Voss' counterclaims without prejudice, and denies Mr. Signaporia's and Bennett's motions to dismiss as moot and without prejudice.

The Court HEREBY ADVISES Voss that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Voss that she also may wish to seek assistance from the Legal Help Center. Voss may obtain a free appointment with an attorney who may be able to provide basic legal help, but not legal representation, by calling the Legal Help Center at 415-782-8982, or by signing up for an appointment at: (1) Room 2796, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 15th Floor, San Francisco, California; or (2) Room 470-S, United States District Court for the Northern District of California, 1301 Clay Street, 4th Floor, Oakland, California.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Kinney Defendant's motion to dismiss, DISMISSES, WITHOUT PREJUDICE, Voss' counter and cross-claims, DENIES, AS MOOT, AND WITHOUT PREJUDICE, Signaporia's and Bennett's motions to dismiss, and VACATES the case management conference.

**IT IS SO ORDERED.**

Dated: November 9, 2015

_____
JEFFREY S. WHITE
United States District Judge